UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTY GAMEZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTEMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,<br><br>    Defendant. | Case No. 19-cv-02391-DMR<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Docket No. 4 |

Plaintiff Kristy Gamez filed a complaint and a motion to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1 (Compl.), 4.] She alleges claims for relief against Defendant United States Department of Justice, Drug Enforcement Administration ("DEA") based on unlawful administrative forfeiture. She also requests judicial review of an administrative decision. As set forth below, the court orders Gamez to show cause why this case should not be dismissed.

**I.  BACKGROUND**

Gamez alleges that she was detained by the Transportation Security Administration ("TSA") in the San Francisco International Airport on May 1, 2018. Compl. at 2. She claims that she was detained because she had purchased her ticket one day prior and had checked only one bag for her trip. *Id.* She was interrogated by DEA agents who then allegedly seized $22,590.00 in cash from her. *Id.* Gamez was told that a canine sniff search of the currency had revealed the presence of controlled substances, and that the cash was being seized on the suspicion that it had been obtained through the sale of controlled substances. *Id.* She alleges that there was insufficient cause to believe that the source of funds was illegal, as there was no contraband or illegal drug paraphernalia either in her luggage or on her person. *Id.*

On November 1, 2018, Gamez requested a return of her funds from the DEA, and her petition

1  for remission was administratively denied. Compl. at 3. She states that she made a timely request for reconsideration, which was also denied on March 20, 2019. *Id.* She is now seeking judicial review of the administrative decision to forfeit her property. *Id.*

## II. ADMINISTRATIVE FORFEITURE

The Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, permits the DEA to seize and forfeit funds that are associated with drug transactions. 21 U.S.C. §§ 881(a)(6), (b). For seizures valued at $500,000 or less, the DEA may institute an administrative forfeiture proceeding by providing written notice of the seizure, and information on procedures to challenge the forfeiture, to each party who appears to have an interest in the seized property. 18 U.S.C. § 983(a)(1)(A)(i); 19 U.S.C. § 1607(a). The Civil Asset Forfeiture Reform Act ("CAFRA") allows an interested party to contest a forfeiture by either filing a claim or petition for remission with the seizing agency. 18 U.S.C. § 983(a)(2)(B).

If a party files a claim, then the DEA has 90 days to: (1) file a complaint for forfeiture in a federal district court, or (2) obtain a criminal indictment alleging that the property is subject to forfeiture, or (3) release the property to the interested party. 18 U.S.C. §§ 983(a)(3)(A)-(B). Essentially, a claim begins the process for a "forfeiture to be addressed in federal district court." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). A petition for remission, on the other hand, "asks the agency for discretionary return of the property." *Id.* (quoting *Malladi Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d 885, 889 (D.C. Cir. 2009)). "A party claiming ownership of the seized property may choose to pursue either the administrative or the legal remedy," but these remedies are alternative, not sequential. *Malladi*, 552 F.3d at 889; *Conservation Force*, 646 F.3d at 1242. "If a party pursues the administrative path, files a petition for remission, and the petition is denied, the only avenue to set aside the declaration of forfeiture is if the notice of forfeiture was not received." *Conservation Force*, 646 F.3d at 1242. A motion to set aside forfeiture on the basis of improper notice is the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

*Conservation Force* is instructive. In that case, the United States Fish and Wildlife Service ("FWS") seized two leopard trophies from two hunters, who attempted to import the trophies

|   |   |
|---|---|
| | without proper permits. 646 F.3d at 1240. FWS sent the hunters a notice of seizure and proposed forfeiture. *Id.* at 1241. Both hunters filed petitions for remission, which were denied. *Id.* The hunters then filed a complaint in district court under CAFRA, among other claims. *Id.* The district court dismissed the CAFRA claim for lack of jurisdiction. *Id.* The Ninth Circuit affirmed, finding that because the plaintiffs chose to pursue the administrative path through filing petitions for remission, they "waived the opportunity for judicial forfeiture proceedings." *Id.* at 1243. The only judicial remedy at that point would be to set aside the declaration of forfeiture on the basis that they had not received notice of the forfeiture, but that remedy was not available because it was undisputed that they had received notice. *Id.* |

1
2
3
4
5
6
7
8
9

In this case, Gamez avers that she "made a timely petition for remission of her personal property" and that it was administratively denied. Compl. at 3. Like the plaintiffs in *Conservation Force*, she chose to pursue her remedies through the administrative process, which waived her opportunity to initiate judicial forfeiture proceedings. *See Conservation Force*, 646 F.3d at 1243. Her sole judicial remedy at this point is to file a motion to set aside the forfeiture on the basis that she did not receive adequate notice. *See* 18 U.S.C. § 983(e). However, nothing in the complaint suggests that Gamez did not receive notice of the forfeiture.

Accordingly, the allegations in the complaint do not show that Gamez has a basis for seeking judicial review of the administrative proceeding. In light of the identified defects in the complaint, the court orders Gamez to show cause as to why this case should not be dismissed for failure to state a claim. Gamez shall file a written response to this order by no later than August 20, 2019. If she does not file a timely response, her case may be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: August 6, 2019



_____
Donna M. Ryu
United States Magistrate Judge

3